IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JORDAN HYDROELECTRIC LIMITED )
PARTNERSHIP, )
 )
    Plaintiff, )
 )
    v. )    1:09cv00288
 )
 )
1.26-ACRES, MORE OR LESS OF )
A PERMANENT EASEMENT LOCATED IN )
CHATHAM COUNTY, NORTH CAROLINA, )
PAUL B. MCCOY, and wife, )
BARBARA C. MCCOY, AND )
UNKNOWN OTHERS )
 )
    Defendants. )

MEMORANDUM ORDER

THOMAS D. SCHROEDER, District Judge.

    On January 12, 2010, the United States Magistrate Judge's Recommendation was filed, and notice was served on the parties, including Defendants Paul B. McCoy and Barbara C. McCoy ("Defendants"), pursuant to 28 U.S.C. § 636 that objections were due by February 1, 2010. Defendants, through counsel, filed an objection on February 2, 2010. (Doc. 17.)

    Plaintiff instituted this case April 16, 2009, seeking a twenty-foot wide by 2,740-foot long right-of-way easement to run a power line over approximately 1.26 acres of Defendants' tract of 116.7 acres. Defendants were properly served with the complaint (Docs. 6, 7), yet they failed to respond. Plaintiff

moved for default, and a copy of the motion was mailed to Defendants. (Doc. 8.) Defendants failed to respond, and default was entered against them on July 8, 2009. (Doc. 9.)

Plaintiff moved for summary judgment on October 7, 2009, and served a copy on the Defendants. (Docs. 11, 12.) The Clerk of Court issued and mailed Roseboro letters to Defendants, notifying them that the motion for summary judgment had been filed and that their failure to respond timely "may cause the court to conclude that the plaintiff's contentions are undisputed and/or that you no longer wish to pursue the matter."[1] (Doc. 13, 14.) The letters also warned that "unless you file a response in opposition to the plaintiff's motion, it is likely your case will be dismissed or summary judgment granted in favor of the plaintiff." (Id.)

Defendants filed no response to Plaintiff's motion for summary judgment, and on January 12, 2010, the Magistrate Judge entered a Recommendation to grant the motion. (Doc. 15.) The Magistrate Judge recommends granting the requested easement and awarding just compensation for it in the amount of $6,300, as was demonstrated by Plaintiff's expert report filed in support of the motion. (Id.)

---

[1] See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975); see also Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985).

The Clerk of Court mailed to Defendants a copy of the Recommendation and the notice advising them of their rights and obligations to respond within fourteen days; that is, on or before February 1, 2010.[2] (Doc. 16.) Defendants failed to respond timely. Instead, Defendants, through counsel, filed an objection on February 2, 2010, acknowledging the recommendation to award an easement over their property but seeking the opportunity to offer evidence as to what they contend is just compensation for the taking.[3] (Doc. 17.) Defendants request that this court recommit the matter to the Magistrate Judge for further determination. (Id.)

> Section 636(b)(1) of Title 28 provides:
>
> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

---

[2] Fourteen days from January 14, 2010, with the addition of three days for mailing of the Recommendation, was January 31, 2010. Because January 31, 2010, was a Sunday, Defendants had until Monday, February 1, 2010, in which to serve and file objections.

[3] No proposed evidence was submitted with the objection.

28 U.S.C. § 636(b)(1); see also Rule 72(b), Fed. R. Civ. P. The district court's decision whether to consider additional evidence not presented to the Magistrate Judge is committed to its discretion, and any refusal will be reviewed for abuse. Doe v. Chao, 306 F.3d 170, 183 & n.9 (4th Cir. 2002).

Here, Defendants' objection to the Recommendation was untimely filed. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), Defendants had until February 1, 2010, within which to serve *and* file written objections. Defendants' February 2, 2010, filing was late, and the court need not consider it on that basis alone.

Ordinarily, this court would take into account the fact that the objection was only one day late and consider granting leave to accept it. However, in this case, Defendants have demonstrated a pattern of non-participation in the litigation against them. They have refused or failed to answer the complaint, refused or failed to respond to the motion for default, and refused or failed to respond to the motion for summary judgment. This case has been pending almost one year. Now, after all these opportunities to participate, they ask for permission to reverse the process and offer evidence when they neglected or refused to do so before.

"Congress intended magistrate[] [judges] to play an integral and important role in the federal judicial system."

4

Peretz v. United States, 501 U.S. 923, 928 (1991). They assist in "assum[ing] some of the burden imposed [on the district courts] by a burgeoning caseload." Chamblee v. Schweiker, 518 F. Supp. 519, 520 (N.D. Ga. 1981). When litigants elect not to participate in the process, perhaps to see whether the matter can be stalled thereby or relief favorable to it granted without any action on their part, they create unnecessary work for the courts which in turn delays consideration of other litigants' cases.

While this court has the authority to permit the introduction of further evidence during the objection process had it accepted the untimely objection, the court finds that Defendants have failed to show good cause for the court, in its discretion, to permit them to do so. Indeed, Defendants simply contend that they "inadvertently failed to appropriately respond to the motion for summary judgment within apt time." (Doc. 17.) To permit the Defendants to delay presentation of their evidence until after an adverse Recommendation, particularly after repeated failures to participate in the litigation after being given fair notice, would undermine the rule and statute.

Because Defendants have failed to file their objection timely, the court need not conduct a *de novo* review. The court has appropriately reviewed the Recommendation and finds no clear error on the face of the Recommendation. Diamond v. Colonial

Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). The Recommendation is therefore adopted. The court further denies the request of the Defendants to submit evidence and to recommit the matter to the Magistrate Judge.[4]

IT IS THEREFORE ORDERED that Plaintiff's motion for summary judgment (Doc. 11) is GRANTED, that judgment be entered by default against Defendants awarding Plaintiff a perpetual easement and right-of-way over, upon, across and under the property identified in the complaint to construct a transmission line consisting of one or more wires attached to poles for the purpose of transmitting electric power, and that Defendants be awarded Six Thousand Three Hundred and 00/100 Dollars ($6,300.00) for the easement. A separate Judgment will be entered contemporaneously.

        /s/   Thomas D. Schroeder
United States District Judge

February 26, 2010

---

[4] Even if the court were to apply the *de novo* standard, the court would adopt the Recommendation based on its review of the evidence properly considered in this case.